### J. S. Clark et al., Appellees, v. City of Belvidere, Appellant.

### Gen. No. 8,050.

Opinion filed August 12, 1929.

JAMES M. HUFF, City Attorney, for appellant.

Wm. Biester and Alexander J. Strom, for appellees.

Mr. Justice Jett delivered the opinion of the court.

This was a bill filed by J. S. Clark, S. R. Jarvis, J. R. Balliet, Anna R. King, W. L. Wyman, C. H. Turner, Andrew Crawford, Millard F. Duryea and A. S. and S. J. Shackell, appellees, to compel the City of Belvidere, appellant, to refund to each complainant a certain sum of money due them respectively as a rebate arising by reason of assessment reductions made by the county and Supreme Courts.

To the bill of complaint a demurrer was interposed, which was overruled and this appeal followed. Appellees will be referred to as complainants and appellant as defendant. It is alleged by the complainants, that they are the owners of real estate fronting on either South State Street or Logan Avenue in the City of Belvidere, in the State of Illinois, which was assessed: "In the matter of the petition of the city of Belvidere, Illinois, for a special tax to make the cost of the improvement of the roadway of South State Street from the southerly line of 7th Street to Logan Avenue, and in Logan Avenue from State Street to Prospect Street as provided in ordinance number 223 D. as passed by the city council of said city on the third day of May, 1926"; that after the construction of said improvement the Board of Local Improvements filed its certificate of cost and completion of said improvement; that fifty-seven property owners objected thereto; that at a hearing the county court reduced the assessment and ordered a new assessment made, which was accordingly done. That thirty-eight of said objectors appealed from said order to the Supreme Court of Illinois, "where said cause was remanded to the County Court and ordered said County Court to make a further reduction of said assessment in the amount of $15,225.62 which in said cause being redocketed in the County

Court was accordingly done and a new assessment roll made reducing said assessment to $71,938.26 and leaving in all a rebate of $15,225.62; that your complainants each paid the assessment as fixed by the said second assessment roll and that of each rebate above set forth, each of your complainants are entitled respectively as follows:

S. R. Jarvis................................$25.37
J. R. Balliet................................. 34.80
J. S. Clark.................................. 53.15
Anna R. King............................... 53.15
W. L. Wyman............................... 49.06
C. H. Turner................................ 62.40
Andrew Crawford........................... 67.60
Millard F. Duryea........................... 53.15
A. S. and S. J. Shackell..................... 55.89

The complainants further alleged that demand had been made on Harry M. Perkins, mayor, and upon Arthur S. Gilbertson, as city clerk, for the issuing of the necessary warrants for the payment of your complainants of the respective amounts due each of them respectively above set forth and to provide for the payment of and to pay to each of your complainants the respective amounts as above set forth, but each of them refused to issue such warrants and refused to provide for and pay the above respective amounts to each of your complainants.

Complainants further represented that after the passage of the ordinance for said improvement and before the construction thereof, the said Board of Local Improvements or some of its officers without any warrant or authority of law, and entirely contrary to law, hired a large force of men and purchased material and laid some lead pipes several feet under ground in said streets, so as to conduct water from old iron water mains in said street to the edges of said

street; that the total cost of such construction as claimed by said board and said city was $4,879.75, and that some of the officers of said city ever since such lead pipe construction work have endeavored to arbitrarily fix the amount without any accounting of any sort as to what each of your complainants should pay towards such lead pipe construction work and said city now refuses to pay the above amounts of rebates to your complainants, respectively, unless the said city is arbitrarily allowed to deduct an amount nowhere designated or specified, but to be set by the said city for such lead pipe construction; that the construction of such lead pipe work was not provided for in the ordinance for said improvement, but that said city has arbitrarily sought to charge your complainants and others for such lead pipe construction work as a part of the cost of said improvement and the said Supreme Court in its decision decided and determined that neither your complainants nor any other of the property owners nor their property was chargeable for any part of such lead pipe construction work.

The complainants also charged that on September 17, 1928, the city council of said city adopted a motion that none of the complainants should be allowed any of said rebates unless they would allow the city to deduct an arbitrary amount not fixed or determined for such lead pipe construction. Bill makes City of Belvidere and Harry M. Perkins, as mayor, and Arthur S. Gilbertson, as city clerk, parties defendant, prays for answer, but not under oath; that the said city may be decreed to pay complainants the respective amounts due them and that such decree have the same force and effect of a judgment at law in favor of each of the complainants and that said Harry M. Perkins, as mayor, and Arthur S. Gilbertson, as city clerk, and their successors in office may be decreed to issue the usual warrants in favor of complainants for the re-

spective amounts due each of them as above set forth
and that the complainants may have such other relief
as equity may require.

The causes of demurrer are (1) that said bill of com-
plaint does not state or set forth a cause of action cog-
nizable in a court of equity; (2) that said bill discloses
on its face that each of said complainants has an ade-
quate remedy at law.

The demurrer admitted everything that was well
pleaded. It will be observed that this is a suit by a
number of property owners abutting a local improve-
ment in the City of Belvidere, who filed a bill in chan-
cery to compel the city to refund to each complainant
a certain sum of money due them respectively as a
rebate arising through assessment reductions made
by the county and Supreme Court. Resort to equity
is on the ground, solely, that it will prevent a multi-
plicity of suits. The defendant urges that equity is
not the proper forum as the complainants each have
an adequate remedy at law. This is the sole question
in the case. The defendant concedes that the only
question involved in this proceeding is, can several
property owners who claim to be entitled to a rebate
from an assessment, made in a local improvement, join
in a bill in equity for its recovery or should they bring
an action at law?

Complainants and the defendant have cited numer-
ous authorities in support of their respective conten-
tions. It appears to us that the rule involved in this
cause has been definitely settled and determined in
*German Alliance Ins. Co. v. Van Cleave,* 191 Ill. 410.
In this cause forty-two insurance companies were en-
titled to a refund of a tax of 2 per cent paid by them
under protest. The claims were separate but arose
out of the same situation. In its decision at page 413
the court among other things said: "It is next in-
sisted that the decree is right because each of the com-

plainants has an adequate remedy at law, by a suit against the insurance superintendent to recover the amount wrongfully collected from it. At least forty-two suits would be necessary to accomplish the purpose and to give to each complainant its legal remedy, and the question involved in each case would be exactly the same. While the demand is separate in each case, the rights of the parties depend upon the same facts. Complete relief may be furnished by a decree determining the single question applicable to all and in which all are interested. The case is a proper one for an application of equitable powers.''

In the case at bar the claims are separate and in each case the rights of the parties depend upon the same facts. *Abbott v. Loving,* 303 Ill. 154, is a case in which a bill in chancery was filed and to which a demurrer was interposed on the ground that the bill was multifarious. The demurrer was overruled and in its opinion, at page 162, the court among other things said, ''that the modern tendency of the courts is to relax the rigid rules of pleading and to hold that a bill is not multifarious where causes set forth in the bill may more conveniently be tried in a single suit, where it will avoid a multiplicity of suits, and where the relief sought in each cause is of the same general character and no unreasonable hardship will be caused the parties against whom the relief is asked.''

We conclude, therefore, that the action of the chancellor in overruling the demurrer was correct, and the decree of the circuit court of Boone county will be affirmed.

*Decree affirmed.*